*Young, Nesbitt & Gudgell, Simpson, for appellee.*

---

## COMMONWEALTH *v.* THOMAS JOHNSONS

**Intoxicating Liquors—Statute Regulating, to Whom Applicable.**
    The statute prohibiting the sale of intoxicating liquors, is held to apply generally to all minors under twenty-one years of age, including those who have neither father, mother nor guardian.

APPEAL FROM PIKE CIRCUIT COURT.

December 8, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

The act of March 2, 1860, "to regulate the sale of spirituous

liquors" *(Myers Suppt., 517)* declares that "no person shall sell to any white person under the age of twenty-one years, any spirituous or vinous liquors or the mixture of either, unless by the written consent or request of the father of such minor if living, or the mother or guardian of such minor if the father be dead," and denounces against any one so offending a fine of fifty dollars for each offense. The indictment in this case sufficiently and in apt terms alleges the facts necessary to constitute the offense, if the intention of the statute is to prohibit the practice of selling liquors to white minors generally, with only an exception as to those having parents or guardians who may consent to or request the selling in writing; but if the intention was only to prohibit the selling to minors of that class, and not to those having neither father, mother nor guardian, then the indictment is defective in not stating facts showing the minor Taylor, to whom the appellee is charged with selling liquor, to have been of the particular class embraced by the statute.

We regard the statute as intended for the protection of white minors generally from the evil practice described, and therefore think the indictment sufficient, and that the demurrer ought not to have been sustained.

Wherefore, the judgment is reversed, and the cause remanded with instructions to overrule the demurrer and for further proceedings not inconsistent with this opinion.